IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
CASE NO.: 7:14-cv-208-FL

UNITED STATES OF AMERICA FOR THE )
USE AND BENEFIT OF S&W READY MIX )
CONCRETE COMPANY, LLC, )
                                                                 )
       *Plaintiff,*                             )
                                                                  )
-v-                                                          )        **CONSENT PROTECTIVE ORDER**
                                                                       )
INDUSTRIAL CONCRETE, INC.; JOHN )
HETRICK; UNIVERSAL CONSTRUCTION )
COMPANY, INC. d/b/a TURNER )
CONSTRUCTION; TRAVELERS CASUALTY )
AND SURETY COMPANY OF AMERICA; )
FEDERAL INSURANCE COMPANY; )
FIDELITY AND DEPOSIT COMPANY OF )
MARYLAND; LIBERTY MUTUAL )
INSURANCE COMPANY; and THE )
CONTINENTAL INSURANCE COMPANY, )
                                                                     )
       *Defendants.*                         )
                                                                     )

This matter is before the Court pursuant to the agreement of counsel for the Plaintiff United States of America for the Use and Benefit of S&W Ready Mix Concrete Company, LLC ("Plaintiff") and counsel for Defendants Industrial Concrete, Inc., John Hetrick, Universal Construction Company, Inc. d/b/a Turner Construction, Travelers Casualty and Surety Company of America, Federal Insurance Company, Fidelity and Deposit Company of Maryland, Liberty Mutual Insurance Company, and the Continental Insurance Company ("Defendants") for entry of a Consent Protective Order by stipulation pursuant to Fed. R. Civ. P. 26(c). In the course of discovery in this action, Plaintiff and Defendants (collectively "Parties") will have reasons to request and exchange confidential information, including but not limited to personal, business, financial, investigatory and proprietary information with respect to Plaintiff's and Defendants'

discovery requests. Counsel for the Parties deem it to be in the best interest of all Parties to facilitate the discovery process by agreeing to maintain such information as Confidential and to restrict the dissemination of such information. In addition, counsel for the Parties deem it in the best interest of all Parties to set forth their stipulation regarding inadvertent disclosure of confidential attorney-client privileged communications and/or attorney work-product documents.

Accordingly, pursuant to Fed. R. Civ. P. 26(c) and upon agreement of counsel, good cause having been shown, and the Court deeming it just and proper to do so, it is hereby ORDERED that:

1. SCOPE. This Consent Protective Order ("Order") shall govern the disclosure and use of information designated as "Confidential Information" in accordance with the terms hereof. It includes the procedures for challenging designations of confidentiality. This Order shall govern the post-trial disposition of all materials produced or disclosed by any Party hereto or by any non-party witness during the course of this litigation; specifically financial, technical, and scientific information and documents related to the construction of the 2nd Anglico & Intel Battalion Complexes at Camp Lejeune, North Carolina ("Project") by Universal Construction Company on behalf of the Department of the Navy. The Court intends that the disclosure of "Confidential Information" through discovery should not lead to the dissemination or use of such information for any purpose other than the litigation of this action. This Order shall apply to all information, documents and things subject to discovery under the Federal Rules of Civil Procedure from any source regarding the Project.

2. DESIGNATION. Information produced in discovery may be designated by "Confidential Information" by marking it as "Confidential" or by clearly identifying it as such using a similar designation. Notwithstanding anything herein to the contrary, a party may also

retroactively designate previously produced documents and/or discovery as "Confidential." With respect to documents, such designation shall be made at the time, following inspection, that copies are unfished to a party conducting discovery, or when such documents are otherwise disclosed.

3. CONFIDENTIAL. A Party designating information as "Confidential Information" may make such designation only as to information which it believes in good faith is confidential and entitled to protection. Documents that are publicly available shall not be "Confidential Information." For the purposes of this Order, "Confidential Information" means information of any type, kind, or character which is designated as "Confidential Information" in the manner provided herein.

4. RESTRICTIONS ON DISCLOSURE. All "Confidential Information" produced or disclosed in this litigation shall be subject to the following restrictions:

    a. Such documents, information and things shall not be used for any litigation, business, or other purpose other than in this lawsuit; and

    b. Such documents, information and things shall not be shown or communicated in any way inconsistent with this Agreement and order to anyone other than "Qualified Persons" which persons receiving "Confidential Information" shall not make further disclosure to anyone except as allowed by this Order.

5. QUALIFIED PERSONS. "Qualified Persons" means:

    a. The judge assigned to this case, personnel of the Court, court reporters, video equipment operators at deposition, any special master appointed by the Court, any judge with jurisdiction over this proceeding or any appeal hereof, and any authorized personnel of such appellate court;

b. Counsel for the Parties and employees of such counsel, whose access to "Confidential Information" is necessary for the purposes of preparation, pretrial discovery and proceedings, trial, appeal, settlement or administration of this litigation;

c. Except as limited by paragraph 15 of this Order, in-house counsel for a Party actively participating in the case and his or her legal staff whose access to "Confidential Information" is necessary for the purposes of preparation, pretrial discovery and proceedings, trial, appeal, settlement or administration of this litigation;

d. Third parties retained by counsel for a party or by a party as consulting experts or expert witnesses for the purposes of preparation, pretrial discovery and proceedings, trial, appeal, settlement or administration of this litigation;

e. Third-party contractors or employees of third-party contractors involved, with respect to this case, solely in one or more aspects of copying, organizing, filing, coding, converting, storing or retrieving documents or information at the direction of counsel for a party or the employees of such counsel.

f. Except as limited by paragraph 15 of this Order, any individual or entity made a party to this litigation, so long as that individual or entity remains a party to this litigation, and any present employee or officer of a named party to this litigation whose access to "Confidential Information" is necessary for purposes of preparation, pretrial discovery and proceedings, trial, appeal, settlement or administration of this litigation;

g. Except as limited by paragraph 15 of this Order, any actual or prospective witness

in this litigation, except that such person may only be shown a matter designated "Confidential" during, or in preparation for his or her actual or prospective testimony, and only to the extent necessary for such preparation or testimony; and

    h.    Any other person who is designated as a Qualified Person by written authorization of the party that designated the information as "Confidential Information" or by Order of this Court after notice to all parties and opportunity to be heard.

6.    AUTHOR & RECIPIENT. The terms of this Order shall not prohibit the disclosure by any party of "Confidential Information"

    a.    To the author or original recipient of the document, including the recipient of copies of the document; or

    b.    To any other person who received, had a copy of or had seen a copy of the document prior to the filing of the Complaint.

If "Confidential Information" is shown to any person other than the author, recipient or recipient of a copy, that person may not retain the document or a copy of the document.

7.    DEPOSITION EXHIBITS. "Confidential Information" shall not lose its character as "Confidential Information" because it is designated as an exhibit to a deposition, regardless of whether the deposition or deposition transcript itself is later designated, in whole or in part, as "Confidential Information."

8.    INCORPORATION INTO OTHER DOCUMENTS. Any document including, but not limited to, an exhibit which embodies or incorporates "Confidential Information" shall be designated by the party generating or creating such document as "Confidential".

9.    FILING & USE OF CONFIDENTIAL INFORMATION. A Party intending to file "Confidential Information" with the Court or to present, use, or refer to "Confidential

Information" in the form of testimony or documents as part of any pretrial hearing or other proceeding conducted by this Court shall first give written notice to counsel for all other Parties. The notice shall describe all or that portion of any pleadings, motions, testimony, briefs, or other documents containing "Confidential Information" which the party intends to file with the Court. No "Confidential Information" shall be filed with or disclosed in Court until the Court has ruled on a motion to seal court records in compliance with Rule 5.2 of the Federal Rules of Civil Procedure, or the designating party has waived in writing its right under this Agreement and Order to seek such relief. If a party elects to use a document that party previously produced and marked as "Confidential Information" as an exhibit in a motion, at a hearing, or at trial and does not obtain a ruling from the Court to seal the record in compliance with Rule 5.2, the copy of the document used as an exhibit shall not include the stamp or notation as "Confidential Information."

10. PRESERVATION OF RIGHTS. Neither the terms of this Order nor any action taken pursuant to this Order shall prejudice the right of any party to urge or contest the relevancy, admissibility or discoverability of any documents, information or things subject to this Agreement and Order. Further, the designation of certain information as "Confidential Information", the failure to so designate, and/or the failure to challenge such designation shall have no bearing on whether the subject information constitutes confidential or proprietary information and/or a trade secret as those terms are understood at law, and shall not be used as evidence as such.

11. SUBPOENAS. If "Confidential Information" in possession of a party to this action is subpoenaed by any court, administrative agency, legislative body or any other person not a Party to this action, the party to whom the subpoena is directed shall (a) immediately notify

in writing counsel for the designating party and (b) assert this Order as a defense of such demand. The responsibility for attempting to prevent the disclosure or production of such "Confidential Information" shall otherwise rest exclusively with the Party who so designated the information; provided, however, that if the designating party objects to disclosure, the subpoenaed party shall not disclose the "Confidential Information" without the written consent of the designating party or the order of the court having jurisdiction over the subpoena.

12. CHALLENGING DESIGNATIONS. If after being furnished any information, documents, or things designated as "Confidential Information" a party wishes to challenge the claim of confidentiality, the objecting party shall serve written notice thereof to the designating party, identifying with specificity the information, documents or things that the objecting party contends ought not be designated as confidential. The designating party shall have ten (10) days within which to serve a written response, failing which the designating party shall be deemed to have waived its designation and the specified information shall lose its "Confidential Information" character. If counsel for the challenging and designating parties, after conferring in person, are unable to resolve the dispute by agreement, the designating party shall have fifteen (15) days from the date of the conference to file a motion for protective order, failing which the designating party shall be deemed to have waived its designation and the specified information shall lose its "Confidential Information" character. If a motion for protective order is filed, the information, documents or things in dispute shall remain "Confidential Information" until the Court has ruled on the motion for protective order.

13. MODIFICATION OF ORDER. Any of the Parties to this lawsuit may, by written agreement or a motion to the Court, seek a modification of this Order.

14. ONGOING ORDER. This Order shall remain in effect after the conclusion of this

litigation. Within ninety (90) days after the conclusion of this litigation (including any appeal from any judgment), and subject to further order of this Court or written stipulation of the parties, each Party shall return to the designating party or destroy all documents, exhibits, deposition transcripts and copies thereof containing material designated by the opposing party as "Confidential Information." This includes all notes, memoranda, summaries, or oehter documents in the possession, custody or control of any party and any entity or other person who had access to such information (but does not include pleadings, attorney notes, memoranda, summaries or other outside counsel attorney work product) incorporating the "Confidential Information" which that party received pursuant to this Order.

15. SWORN ACKNOWLEDGMENTS. Each person described in subparagraph 5(c) and 5(d) hereof and each witness described in subparagraph 5(f) and 5(g) who are shown "Confidential Information" shall, prior to receiving such disclosure, execute a written statement in the form attached hereto as Exhibit "A".

16. INADVERTENT DISCLOSURE.

(a) The inadvertent or unintentional production of Discovery Materials without a confidentiality designation shall not be deemed a waiver in whole or in part of a party's claim of confidential treatment under the terms of this Order. Any document that initially is produced without bearing a confidentiality designation may later be so designated, with respect to future disclosure by the Producing Party, and the receiving party shall make all reasonable efforts to retrieve all copies, if any, of such document disclosed to persons other than those authorized in Paragraph 5 hereof and to prevent further use or disclosure of "Confidential Information" contained therein by such persons.

(b) If information subject to a claim of attorney-client privilege, attorney work product or

any other legal privilege protecting information from discovery is inadvertently produced to a Party or Parties, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the Producing Party or other person otherwise would be entitled. If a claim of inadvertent production is made pursuant to this Section, with respect to information then in the custody of another party, such party promptly shall return to the claiming party or person that material and all copies or reproductions thereof as to which the claim of inadvertent production has been made, shall destroy all notes or other work product reflecting the contents of such material, and shall delete such material from any litigation-support or other database. The provisions of this Paragraph shall not be deemed to prevent any party from seeking an order compelling production of any document or information, including documents or information contained in documents that are returned as a result of a claim of inadvertent production.

(c) "Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court."

SO ORDERED this 21st day of May, 2015

_____
JUDGE PRESIDING

AGREED AS TO FORM AND SUBSTANCE:

*Daughtry Woodard Lawrence & Starling*

s/ Luther D. Starling, Jr.
Luther D. Starling, Jr.
Post Office Box 1960
Smithfield, NC 27577
lewstarling@dwlslaw.com
*Attorneys for Plaintiff*


RAGSDALE LIGGETT PLLC

/s/ Melissa D. Brumback
Melissa D. Brumback, Esq.
Post Office Box 31507
Raleigh, N.C. 27622
mbrumback@rl-law.com
*Attorney for Defendants*


*Hirschler Fleischer, A Professional Corp.*

/s/ Chandra D. Lantz
Chandra D. Lantz, Esq.
Post Office Box 500
Richmond, Virginia 23218-0500
clantz@hf-law.com
*Attorney for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
CASE NO.: 7:14-cv-208-FL

| | |
|---|---|
| UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF S&W READY MIX CONCRETE COMPANY, LLC,<br><br>*Plaintiff,*<br><br>-v-<br><br>INDUSTRIAL CONCRETE, INC.; JOHN HETRICK; UNIVERSAL CONSTRUCTION COMPANY, INC. d/b/a TURNER CONSTRUCTION; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA; FEDERAL INSURANCE COMPANY; FIDELITY AND DEPOSIT COMPANY OF MARYLAND; LIBERTY MUTUAL INSURANCE COMPANY; and THE CONTINENTAL INSURANCE COMPANY,<br><br>*Defendants.* | **ACKNOWLEDGMENT OF PROTECTIVE ORDER** |

The undersigned has been provided access, by counsel for one of the parties to the above lawsuit, to information marked "Confidential—SUBJECT TO PROTECTIVE ORDER" or which has been otherwise designated as "Confidential Information" under the terms of the Consent Protective Order ("Order") in this lawsuit. The undersigned understands that such designation was made subject to the terms of the Order of the Court. The undersigned agrees that he or she will abide by the terms of the Order and will not communicate or show the contents of such information nto any other person (other than Qualified Persons as defined in the Order), will not make copies of such information except (in the case of Qualified Persons defined in subparagraph 5(c)) as necessary to perform services in this case, and will preserve such

information as confidential.

This Acknowledgment does not prohibit the undersigned from using or disclosing documents or information which are publicly available or to which s/he has access to by other legitimate means.

Signed:_____
Date: _____